IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| ROBERT ERIC LEE, | ) | Civ. No. 11-00169 ACK-BMK |
| | ) | |
| Plaintiff, | ) | ORDER DENYING DEFENDANT |
| | ) | UNITED STATES OF AMERICA'S |
| vs. | ) | MOTION FOR |
| | ) | RECONSIDERATION |
| METSON MARINE SERVICES, | ) | |
| INC., ET AL., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

ORDER DENYING DEFENDANT UNITED STATES OF AMERICA'S
MOTION FOR RECONSIDERATION

Before the Court is Defendant United States of America's Motion for Reconsideration of this Court's Findings and Recommendation that Defendant's Motion to Terminate Maintenance and Cure Be Denied (Doc. 120). After careful consideration of the Motion and the supporting and opposing memoranda, Defendant's Motion is DENIED.[1]

Defendant contends that this Court "applied a new standard" regarding whether Plaintiff reached maximum medical improvement. (Motion at 1.) The Court disagrees that reconsideration should be granted, as explained below.

---

[1] The Court elects to decide this Motion without a hearing, pursuant to Local Rule 7.2(d).

"In the Ninth Circuit a successful motion for reconsideration must accomplish two goals." White v. Sabatino, 424 F. Supp. 2d 1271, 1274 (D. Haw. 2006)  "First, it must demonstrate some reason why the court should reconsider its prior decision." Id.  "Second, a motion for reconsideration must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." Id.  According to the Ninth Circuit, there are "three grounds justifying reconsideration:  (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice." Id.  The District of Hawaii has implemented these standards in Local Rule 60.1, which provides:

> Motions for reconsideration of interlocutory orders may be brought only upon the following grounds:
> (a) Discovery of new material facts not previously available;
> (b) Intervening change in law;
> (c) Manifest error of law or fact.

"Mere disagreement with a previous order is an insufficient basis for reconsideration." White, 424 F. Supp. at 1274.  Furthermore, a "motion for reconsideration may not present evidence or raise legal arguments that could have been presented at the time of the challenged decision." Id.  "Whether or not to grant reconsideration is committed to the sound discretion of the court." Id.

In its Motion for Reconsideration, Defendant argues that, in determining whether Plaintiff reached maximum medical improvement, this Court "applied a new standard" instead of "applying the palliative v. curative standard . . . as established by the Ninth Circuit and the District of Hawaii."  (Motion at 1.)

The Court disagrees and notes that the Findings and Recommendation cited to and was based on case law from within the Ninth Circuit.  Importantly, this Court cited case law from the District of Alaska, which held that "the decision to terminate must be unequivocal."  Sefcik v. Ocean Pride Alaska, Inc., 844 F. Supp. 1372, 1373 (D. Alaska 1993).  This holding is in line with the United States Supreme Court's view of a shipowner's liability for maintenance and cure:

> Admiralty courts have been liberal in interpreting this duty [for providing maintenance and cure] "for the benefit and protection of seamen who are its wards."  We noted in Aguilar v. Standard Oil Co., 318 U.S. 724, 730, that the shipowner's liability for maintenance and cure was among "the most pervasive" of all and that <u>it was not to be defeated by restrictive distinctions nor "narrowly confined."  When there are ambiguities or doubts, they are resolved in favor of the seaman.</u>

Vaughan v. Atkinson, 369 U.S. 527, 531-32 (1962).

In its Findings and Recommendation, this Court did consider "the palliative v. curative standard for determining Maximum Medical Improvement." However, as directed by the case law cited above, this Court also considered

3

whether the decision to terminate maintenance and cure was unequivocal, and whether the evidence before the Court was ambiguous or created doubt.  After considering the evidence before it, this Court's ultimate conclusion was that "the evidence provided by Plaintiff and Defendant establishes the lack of 'an unequivocal endorsement that Plaintiff attained maximum cure.'"  (Doc. 118 at 8.)  Given that the doctors' reports were conflicting, ambiguous, and created doubt as to whether maximum medical improvement was attained, this Court complied with the Supreme Court's mandate that ambiguities or doubts "are resolved in favor of the seamen."  Vaughan, 369 U.S. at 532.  This Court committed no manifest error of law or fact and, accordingly, this Court denies Defendant's Motion for Reconsideration.

        DATED:  Honolulu, Hawaii, January 2, 2013.

        IT IS SO ORDERED.



  /S/ Barry M. Kurren
Barry M. Kurren
United States Magistrate Judge

Lee v. Metson Marine Servs., et al., Civ. No. 11-00169 ACK-BMK; ORDER DENYING DEFENDANT UNITED STATES OF AMERICA'S MOTION FOR RECONSIDERATION.